[NOT FOR PUBLICATION] [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1714

 JAARAH SALIFU,

 Petitioner,

 v.

 IMMIGRATION AND NATURALIZATION SERVICE,

 Respondent.

 

 ON PETITION FOR REVIEW OF AN ORDER OF

 THE BOARD OF IMMIGRATION APPEALS
 

 Before

 Torruella, Chief Judge, 

 Aldrich, Senior Circuit Judge, 

 and Boudin, Circuit Judge. 

 

John J. Loscocco and Barker, Epstein and Loscocco on brief for 
petitioner.
Ellen Sue Shapiro, Senior Litigation Counsel, Office of 
Immigration Litigation, Civil Division, Department of Justice, Frank 
W. Hunger, Assistant Attorney General, Civil Division, and Richard M. 
Evans, Assistant Director, on brief for respondent. 

 

 February 19, 1998
  
 Per Curiam. Jaarah Salifu appeals a decision of the 

Board of Immigration Appeals, which affirmed an immigration

judge's denial of her petition for asylum and withholding of

deportation. 8 U.S.C. 1158, 1253(h). We affirm.

 Salifu, a native of Ghana, attempted to enter the United

States through John F. Kennedy Airport in New York on July 1,

1993. The Immigration and Naturalization Service paroled her

into the United States and began exclusion proceedings. At

an exclusion hearing on November 9, 1993, Salifu conceded

excludability but petitioned for asylum and withholding of

deportation, alleging that she feared persecution in Ghana on

the basis of her political opinion. Evidentiary hearings on

the petition were held before an immigration judge on March

30 and August 25, 1994. 

 Salifu's asylum affidavit states that she was a regional

organizing secretary of Ghana's New Patriotic Party, which

opposed the ruling junta in an election on November 3, 1992.

The next day, Salifu participated in a demonstration

protesting fraud in the election. The demonstrators were

dispersed by army and police officers, and a curfew was

imposed on the area. On November 6, police officers arrested

Salifu at home and took her to a police station. The

affidavit states that she was held for about two weeks,

during which time she was raped twice. Salifu claims that

the officers told her she was being held because of her

participation in the demonstration. 

 Salifu's affidavit states that a police officer told her

that she would be transferred to Accra, Ghana's capital, and

that many prisoners sent there never returned. The officer

 -3- -3-

agreed to help Salifu escape and took her home. Her mother

suggested that she go to stay with her grandmother, which

Salifu did. 

 After three months with her grandmother, Salifu said

that she decided to contact a friend in Accra. The friend

took Salifu in and promised to help her escape from the

country. The friend obtained a passport for Salifu in the

name of Marian Bigelow and an airline ticket to the United

States. The friend also gave her an envelope containing some

photographs. During the flight, Salifu destroyed the

passport, as her friend had instructed.

 Salifu was detained by an INS official upon arrival in

New York. The official searched her bag and removed the

envelope, which contained not only the photographs but also a

handwritten letter. Salifu claims she did not write the

letter, does not recognize the handwriting, and was unaware

that the letter was in her possession until it was found.

The letter narrates the experience of a New Patriotic Party

activist who was raped; the details are similar in some

respects, but not in others, to Salifu's statements in her

asylum affidavit. 

 The INS official then interrogated Salifu. She

requested an interpreter who spoke Twi, her native language,

but no interpreter was available. Salifu attempted to

converse with the officer in English, although she maintains

 -4- -4-

her English was and remains very poor. The INS officer wrote

Salifu's answers out in affidavit form, which Salifu signed.

This "airport affidavit" was admitted into evidence at the

hearing, as were the letter and photographs found in Salifu's

possession and a memorandum that the INS officer wrote "to

file" after interviewing Salifu.

 The immigration judge wrote a detailed opinion

concluding that Salifu's testimony was not credible. This

conclusion was based on Salifu's demeanor on the stand, her

inability or refusal to answer simple questions, and

inconsistencies between her live testimony, the airport

affidavit, and the affidavit filed in support of her asylum

petition. The immigration judge concluded that Salifu not

carried her burden of proving that she had a "well-founded

fear of persecution" on account of her political opinion.

Alvarez-Flores v. INS, 909 F.2d 1, 3 (1st Cir. 1990). On 

appeal, the Board of Immigration Appeals affirmed the

immigration judge's decision.

 Salifu's argument on appeal comprises an attack on the

factfinder's credibility assessments, which must be upheld as

long as they are "reasonably grounded in the record, viewed

as a whole." Cordero-Trejo v. INS, 40 F.3d 482, 487 (1st 

Cir. 1994). We think that the immigration judge was not

clearly erroneous in concluding that Salifu's testimony was

not convincing. As the judge noted, there were "sufficient

 -5- -5-

inconsistencies in the testimony, asylum application, and

affidavitalone to warrant a negative finding of credibility."

 Salifu argues that the Board violated the policy of our

decision in Cordero-Trejo v. INS, 40 F.3d 482 (1st Cir. 

1994). In Cordero-Trejo, we reversed a denial of asylum, 

noting that the immigration judge's adverse credibility

findings were not based on "any perspectives offered by the

unique vantage point of the factfinder, such as witness

demeanor, conflicting or confused testimony, etc., from which

credibility is typically assessed." Id. at 491. Rather, the 

immigration judge in Cordero-Trejo discredited the 

petitioner's testimony with criticisms that we thought either

patently unreasonable or directly refuted by documentary

evidence in the record. Nothing like that occurred here.

 Salifu makes a related legal argument that her own lack

of credibility does not dispose of her claim that she has a

well-founded fear of persecution. Salifu quotes language

from Cordero-Trejo to the effect that an asylum applicant's 

testimony must be evaluated in the context of documentary

evidence of the political situation in the applicant's home

country. Salifu is right that such information is relevant

to determine whether a petitioner's fear of persecution is

objectively "well-founded." But as a threshold matter, the

asylum petitioner must prove that she has an actual

subjective fear of persecution. INS v. Cardoza-Fonseca, 480 

 -6- -6-

U.S. 421, 430-31 (1987). The subjective element of an asylum

claim must be "established via the applicant's credible 

testimony that his fear is genuine." Cordero-Trejo, 40 F.3d 

at 491 (emphasis added). In this regard a petitioner's lack

of credibility can be dispositive, as it is here.

 Salifu argues that the immigration judge erred in

admitting into evidence the handwritten letter and

photographs seized from her at the airport, as well as the

INS officer's "memorandum to file." Because the photographs

and memorandum do not appreciably strengthen the case against

Salifu, we believe their admission, if at all erroneous, was

harmless. Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 

848, 855 (1st Cir. 1998).

 The handwritten letter, on the other hand, was damaging

to Salifu. Salifu's sole objection below was that the letter

was irrelevant. This objection is without merit. The letter

tended somewhat to increase the chance that Salifu was

"coached in her story" before leaving Ghana, and that the

story was untrue in material respects. On appeal, Salifu

asserts that there was no foundation for the letter,

specifically, that there was no independent proof that the

letter offered was the one found in her possession and that

it had not been altered. However, this objection was not

made at the time the letter was offered into evidence, so it

 -7- -7-

is deemed waived. United States v. Benavente-Gomez, 921 F.2d 

378, 385 (1st Cir. 1990).

 Salifu makes other arguments regarding the definitions

of persecution and political opinion. Because the Board

correctly affirmed the immigration judge's conclusion

regarding credibility, we do not reach Salifu's additional

eligibility arguments. Because she does not qualify for

asylum, Salifu also does not meet the more demanding standard

for withholding of deportation. Alvarez-Flores, 909 F.2d at 

4.

 Affirmed. 

 -8- -8-